**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Rockville MD 20857

## CERTIFICATE OF INDEBTEDNESS

David M. Murphy, DO
127 Captains Ln
Patton, PA 16668
Ref: 50136731

**Total debt due to the United States of America as of November 16, 2009: $139,997.44 (principal $138,517.48, interest $1,479.96, administrative costs $0.00).**

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $138,517.48 from November 16, 2009, at the rate of 3.25%. Interest accrues on the principal amount of this debt at the rate of $12.33 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Kirksville College of Osteopathic Medicine, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Amount Disbursed |
|---|---|---|
| 08/22/82 | $20,000.00 | $20,000.00 |
| 07/25/83 | $20,000.00 | $20,000.00 |
| 05/06/84 | $10,000.00 | $10,000.00 |
| 11/10/84 | $ 3,150.00 | $ 3,150.00 |

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.

Upon your leaving the Kirksville College of Osteopathic Medicine, you were granted deferments during the period of July 1, 1985, to June 29, 1989. You were furnished a repayment schedule by the SLMA with notification that payments were to begin May 11, 1990. Between April 5, 1991, and October 8, 1997, you made one hundred and nineteen (119) payments totaling $111,014.25.

On January 9, 2001, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

On April 30, 2001, in the United States Bankruptcy Court, Middle District of Pennsylvania, you filed a petition for relief under Title 11 U.S.C. Chapter 13 (Case No. 01-02486). The bankruptcy was dismissed on September 21, 2006, however, your HEAL debt was not dischargeable under bankruptcy.

PLAINTIFF'S EXHIBIT

A

PENGAD 800-631-6989

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - DAVID M. MURPHY, DO

Due to your bankruptcy, the SLMA filed an insurance claim with the Department of Health and Human Services (HHS). The amount due was $88,411.00. The lender's claim was paid on June 8, 2001, and an assignment of the notes was received.

The HHS notified you by letter dated June 22, 2001, that the previous holder of your promissory notes submitted an insurance claim and assigned your notes to the U.S. Government.

On September 22, 2006, in the United States Bankruptcy Court, Middle District of Pennsylvania, you filed a petition for relief under Title 11 U.S.C. Chapter 13 (Case No. 06-02056). The bankruptcy was dismissed on April 30, 2007, however, your HEAL debt was not dischargeable under bankruptcy.

In a letter dated April 19, 2007, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

By letter dated May 31, 2007, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into an RA. You did not comply.

In a letter dated June 1, 2007, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

On August 16, 2007, in the United States Bankruptcy Court, Middle District of Pennsylvania, you filed a petition for relief under Title 11 U.S.C. Chapter 7 (Case No. 07-02530). The bankruptcy was discharged on December 10, 2007, however, your HEAL debt was not dischargeable under bankruptcy.

In a letter dated January 2, 2008, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

In a letter dated February 4, 2008, you were sent instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ. You did not respond.

In a letter dated September 25, 2008, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

On October 27, 2008, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS - DAVID M. MURPHY, DO

In a letter dated October 21, 2009, you were sent instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ. You did not respond.

The following provides a breakdown of payments applied to your account:

| | | |
|---|---|---|
| 119 Payments to Lender | 04/05/91 to 10/08/97 | $111,014.25 |
| Payment to HHS | 06/28/08 | $    100.00 |
| Total Amount Applied | | $111,114.25 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Western District of Pennsylvania, 700 Grant Street, Suite 4000, Pittsburgh, PA  15219-1955.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch